IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 19-00107 HG-01 |
| Plaintiff, | ) | |
| vs. | ) | |
| JERRE NISHIDA, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 67)**

Defendant Jerre Nishida is currently incarcerated at the Federal Correctional Institute in Waseca, Minnesota with a projected release date of May 26, 2027.

On July 10, 2023, Defendant Nishida, proceeding pro se, filed a Motion for Compassionate Release.  (ECF No. 67).

On August 11, 2023, the Government filed its Opposition. (ECF No. 69).

On August 28, 2023, Defendant filed her Reply.  (ECF No. 70).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION FOR COMPASSIONATE RELEASE (ECF No. 67) is **DENIED**.

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of

1

imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i)   extraordinary and compelling reasons warrant such a reduction;
> ...
>         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021).

The Parties agree that Defendant Nishida adequately exhausted her administrative remedies for purposes of 18 U.S.C. § 3582.  (Gov't Opp. at pp. 2-3, ECF No. 69).

### B.   Basis For Defendant's Motion For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Court has the discretion to determine whether extraordinary and compelling reasons exist and is not bound by the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1B1.13. United States v. Wright, 46 F.4th 938, 944 (9th Cir. 2022); United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

Here, Defendant Nishida seeks compassionate release based on (1) her own medical condition and (2) the medical condition of her sister.

## ANALYSIS

### I. Defendant Has Not Presented Extraordinary And Compelling Reasons For Compassionate Release

#### A. Defendant's Own Medical Condition

Defendant Nishida bears the burden of establishing extraordinary and compelling reasons warranting compassionate release. Wright, 46 F.4th at 951. Defendant claims that she has osteoporosis and claims she is not receiving adequate medical treatment while incarcerated for her condition.

Contrary to Defendant's position, the medical records demonstrate that the Bureau of Prisons is providing Defendant with medical treatment. The records reflect that in August 2022, x-rays were taken of Defendant's pelvis, lateral spine, and cervical spine. (BOP Medical Records, attached as Ex. A to Gov't Opp. at pp. 1-3, ECF No. 69-1). Defendant was diagnosed with "osteopenia" not osteoporosis. (Id.) Defendant is being treated with Vitamin D supplements and was referred for a Dexa scan. (Id.) Conditions that can be managed in prison are not a basis for compassionate release. United States v. Caitano, 2022 WL 16553362, *3 (D. Haw. Oct. 31, 2022).

Defendant argues that the facility where she is being housed

4

has not provided assistance nor rehabilitative opportunities for her.  Defendant's argument is belied by the record.  Defendant's own evidence demonstrates that while incarcerated at FCI Waseca Defendant has received over 739 hours of education, she has completed 17 courses, and she received a certificate in horticulture.  (Def.'s BOP Records attached as Ex. B to Def.'s Motion, ECF No. 67-3).

Defendant's Motion seeking immediate release based on her own medical condition is **DENIED**.

### B.  Release To Take Care Of Defendant's Sister

Defendant also seeks immediate release because she alleges that she needs to be a caregiver for her sister who allegedly suffered an aneurysm two years ago.

Pursuant to Sentencing Guideline Section 1B1.13's Commentary Application Notes 1(C), family circumstances may provide a basis to establish "extraordinary and compelling reasons" for compassionate release.  This definition is not binding, but may provide guidance for the Court's analysis of "extraordinary and compelling reasons."  Aruda, 993 F.3d at 802.

Courts have required a defendant to establish that an immediate relative suffers from a terminal illness or is incapacitated, meaning the immediate family member is unable to carry on any self-care and is totally confined to a bed or chair, in order to be eligible for compassionate release based on the

5

family member's illness.  United States v. Bolden, 2020 WL 4286820, *4 (W.D. Wash. July 27, 2020) (relying on BOP Program Statement § 5050.50 in evaluating a request for compassionate release based on a spouse's incapacitation); United States v. Peuse, 2020 WL 5076356, *5 (N.D. Cal. Aug. 24, 2020) (denying defendant's motion for compassionate release based on his wife's self-reported illnesses).

Here, Defendant's assertion that she is needed to help take care of her sister is insufficient to establish a basis for her immediate release from incarceration.  Defendant mentions only that her sister is "in need of care several hours a day." (Motion at p. 4, ECF No. 67).  Defendant states that her other family members are assisting with care.  There is no information in the record from any medical professional to support Defendant's claim that no one else may provide assistance to her sister except the Defendant.

Defendant's Motion seeking immediate release to care for her sister is **DENIED.**

## II. Section 3553(a) Factors And Defendant's History and Characteristics

Even if Defendant Nishida provided evidence to demonstrate an extraordinary basis for compassionate release, the Court finds immediate release is not warranted pursuant to the Section 3553(a) factors.  Wright, 46 F.4th at 945 (explaining that a

6

district court may deny a motion for compassionate release based on evaluation of 18 U.S.C. § 3553(a) factors alone, citing Keller, 2 F.4th at 1283-84).

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant was sentenced to the mandatory minimum sentence of 120 months imprisonment while in Criminal History Category III for distribution of methamphetamine.  Defendant's crime for distribution of methamphetamine occurred while she was on supervised release for a prior federal conviction for distribution of methamphetamine in United States v. Nishida, 13-cr-00021 SOM-05.  (Presentence Report at ¶ 36, ECF No. 27).

Defendant also has a prior conviction in Hawaii state court for distribution of methamphetamine and other drugs in 2002.  (Id. at ¶ 35).

Defendant's history and characteristics do not favor a reduced sentence.  Defendant has been given numerous chances for rehabilitation and has continued to be involved in criminal activity.  Defendant performed poorly while under probation and supervision in the past, and had her terms of supervision revoked

7

on multiple occasions for drug use and new arrests for distribution of drugs.  (Id. at ¶¶ 3, 35-36).  Defendant's drug trafficking has involved large quantities of multiple types of drugs as well as firearms.

Defendant's criminal record, repeated lack of rehabilitation, and overall poor record of behavior on parole and probation demonstrate that she poses a danger to the safety of others and the community.  Defendant has more than three years remaining of her sentence.  Defendant's immediate release is not appropriate considering the totality of the circumstances.

## CONCLUSION

Defendant's Motion For Compassionate Release (ECF No. 67) is **DENIED.**

IT IS SO ORDERED.

Dated: September 25, 2023, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Jerre Nishida, Crim. No. 19-00107 HG-01; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 67)**