IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 19-00107 HG-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRE NISHIDA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) (ECF No. 74)**

Defendant Jerre Nishida, proceeding pro se, seeks a reduction of her term of imprisonment based upon Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Amendment 821 altered the sentencing guidelines of certain zero-point offenders under Section 4C1.1 and changed the calculation of "status points" under United States Sentencing Guideline § 4A1.1(e).

Defendant is not eligible for a reduction in sentence. Defendant was already sentenced to the statutory mandatory minimum sentence. The changes made by Amendment 821 do not alter Plaintiff's sentencing guidelines and do not allow a reduction in her sentence below the statutory mandatory minimum.

Defendant's Motion to Reduce Sentence (ECF No. 74) is

1

**DENIED.**

## PROCEDURAL HISTORY

### I.   Indictment, Guilty Plea, & Sentencing

On August 15, 2019, the grand jury returned an Indictment, charging Defendant with one count: Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).  (ECF No. 1).

On December 26, 2019, Defendant pled guilty to the sole count in the Indictment.  (ECF No. 18).

Defendant's guilty plea was made pursuant to a Memorandum of Plea Agreement.  (ECF No. 21).

On February 28, 2020, the Court accepted Defendant's plea of guilty and adjudged her guilty.  (ECF No. 22).

On April 17, 2020, the Probation Officer filed the Presentence Investigation Report.  (ECF No. 27).

The Presentence Report calculated Defendant's base offense level at 30 based on the amount of "ice" for which Defendant was responsible.  (Id. at ¶ 22).

Defendant received a two-level decrease for acceptance of responsibility and an additional one-level decrease for timely entering into a guilty plea.  (Id. at ¶¶ 29-30).

Defendant's total offense level was 27.  (Id. at ¶ 31).

In calculating Defendant's criminal history, the Probation Officer determined that Defendant was previously convicted of

2

Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine and Marijuana in the United States District Court for the District of Hawaii in Cr. No. 13-0021SOM-05. (Id. at ¶ 36).

Defendant received 3 criminal history points for that conviction. (Id.)

Defendant committed the instant offense when she was on supervised release for her conviction in Cr. No. 13-0021SOM-05. (Id.) Defendant received 2 additional "status points" as a result. (Id. at ¶ 38).

Defendant's total criminal history score was 5 with a criminal category of III. (Id. at ¶ 39).

Defendant's sentencing guideline range was 120 months imprisonment because it was the statutory mandatory minimum sentence. (Id. at ¶ 90).

On February 25, 2021, the Court sentenced Defendant to 120 months imprisonment and 5 years of supervised release. (ECF No. 45).

On January 31, 2023, the Court issued an Amended Judgment, modifying her conditions of supervised release. (ECF No. 66).

## II.  Defendant's Motion To Reduce Sentence

On March 19, 2024, Defendant, proceeding pro se, filed a Motion to Reduce Sentence Under Amendment 821 to the United

States Sentencing Guidelines Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 74).

On March 21, 2024, the Court referred the Motion to the Federal Public Defender's Office to see if it would represent the Defendant in seeking a reduction in sentence. (ECF No. 75).

On March 28, 2024, the Federal Public Defender's Office declined to represent the Defendant. (ECF No. 76).

Also on March 28, 2024, the Court issued a briefing schedule. (ECF No. 77).

On April 26, 2024, the Government filed its Statement of No Opposition to Defendant's Motion. (ECF No. 79).

On April 27, 2024, the Government filed an Amended Response Opposing Defendant's Motion. (ECF No. 80).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Section 3582(c)(2) of Title 18 of the United States Code permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission.

The Sentencing Commission amended United States Sentencing Guideline § 1B1.10 to provide for a reduction in certain terms of imprisonment as a result of amended guideline ranges provided for

in Amendment 821, which became effective on February 1, 2024.

## ANALYSIS

Defendant's Motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

Defendant is not eligible for a reduction in her term of imprisonment because she has not established that her sentencing guidelines would be lower pursuant to Amendment 821.

Amendment 821 made two significant changes in the Sentencing Guidelines and the calculation of criminal history points.

First, Subpart B of Amendment 821 created a new guideline found in U.S.S.G. § 4C1.1, which provides for a decrease of two offense levels for certain zero-point offenders who meet its requirements, as follows:

> (a) Adjustment.—If the defendant meets all of the following criteria:
>
> > (1)   the defendant did not receive any criminal history points from Chapter Four, Part A;
> >
> > (2)   the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> >
> > (3)   the defendant did not use violence or credible threats of violence in connection with the offense;
> >
> > (4)   the offense did not result in death or serious bodily injury;
> >
> > (5)   the instant offense of conviction is not a sex offense;

(6)   the defendant did not personally cause
      substantial financial hardship;

(7)   the defendant did not possess, receive,
      purchase, transport, transfer, sell, or
      otherwise dispose of a firearm or other
      dangerous weapon (or induce another
      participant to do so) in connection with the
      offense;

(8)   the instant offense of conviction is not
      covered by §2H1.1 (Offenses Involving
      Individual Rights);

(9)   the defendant did not receive an adjustment
      under §3A1.1 (Hate Crime Motivation or
      Vulnerable Victim) or §3A1.5 (Serious Human
      Rights Offense); and

(10)  the defendant did not receive an adjustment
      under §3B1.1 (Aggravating Role) and was not
      engaged in a continuing criminal enterprise,
      as defined in 21 U.S.C. §848;

decrease the offense level determined under Chapters
Two and Three by 2 levels.

U.S.S.G. § 4C1.1(a) (emphasis added).

Here, Defendant does not qualify for a reduction as a certain zero-point offender pursuant to Section 4C1.1(a). Defendant was not a zero-point offender as she received criminal history points at sentencing based on her prior conviction in United States v. Jerre Nishida, Cr. No. 13-0021 SOM-05. (Presentence Report at ¶ 36, ECF No. 27).

Section 4C.1 does not apply to lower Defendant's sentencing guidelines.

Second, Subpart A of Amendment 821 limits the overall criminal history impact of "status points," which are additional

6

criminal history points given to a defendant for having committed an offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.  See U.S.S.G. § 4A1.1(e).

Previously, a defendant who committed the instant offense while under any criminal justice sentence, including supervised release, received two additional criminal history points.

At sentencing, Defendant received two status points in calculating her criminal history points because Defendant committed the instant offense while under supervised release for her conviction in United States v. Jerre Nishida, Cr. No. 13-0021 SOM-05.  (Presentence Report at ¶ 36, ECF No. 27).

Amendment 821 altered Section 4A1.1 of the United States Sentencing Guidelines to eliminate such status points for any defendant, such as Defendant Nishida, who otherwise had six or fewer criminal history points.  United States v. Valle-Hurtado, 2024 WL 1299771, *2 (D. Ariz. Mar. 27, 2024).

The changes in the sentencing guidelines under Amendment 821 for the calculation of status points would lower Defendant's criminal history category calculation.  The changes made by Amendment 821, however, do not alter Defendant's sentencing guideline calculation of 120 months imprisonment.

The Court is not permitted to sentence Defendant below the mandatory minimum term of imprisonment provided by the statute

pursuant to Amendment 821.  United States v. Ward, 2024 WL
1053765, *2 (D. Nev. Mar. 11, 2024).  A reduction in the
defendant's term of imprisonment below the mandatory statutory
minimum sentence is not authorized pursuant to 18 U.S.C. §
3582(c)(2).  U.S.S.G. §§ 1B1.10(a)(2)(B); 1B1.10 cmt.1(A); United
States v. Griego, 2024 WL 841092, *2 n.2 (D. Nev. Feb. 27, 2024).

In sum, the changes to the United States Sentencing
Guidelines based on Amendment 821 do not lower Defendant's
sentencing guideline of 120 months imprisonment.  Defendant is
not entitled to a reduction in her term of imprisonment pursuant
to 18 U.S.C. § 3582(c)(2).

## CONCLUSION

Defendant's Motion to Reduce Sentence based upon Amendment
821 to the United States Sentencing Guidelines pursuant to 18
U.S.C. § 3582(c)(2) (ECF No. 74) is **DENIED.**

IT IS SO ORDERED.

DATED: May 3, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States v. Jerre Nishida, Cr. No. 19-00107 HG-1, **ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE BASED ON AMENDMENT
821 TO THE UNITED STATES SENTENCING GUIDELINES PURSUANT TO 18
U.S.C. § 3582(c)(2) (ECF No. 74)**

8