IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 19-00107 HG-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRE NISHIDA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO PART D OF SECTION 2D1.1 OF THE UNITED STATES SENTENCING GUIDELINES (ECF No. 82)**

Defendant Jerre Nishida, proceeding pro se, filed a Motion to Correct Sentence pursuant to the Amendment to Part D of Section 2D1.1 of the United States Sentencing Guidelines.

On November 1, 2024, Part D of Section 2D1.1 was amended to provide clarification for the application of sentence enhancements for certain individuals convicted of drug trafficking.  Specifically, Part D's amendment provided clarity as to the application of sentence enhancements set forth in Sections 2D1.1(a)(1)-(4) of the United States Sentencing Guidelines.

The Amendment to Part D of Section 2D1.1 does not alter Defendant's sentencing guidelines.  Defendant's base offense was calculated pursuant to the Drug Quantity of methamphetamine she was found responsible for provided in Section 2D1.1(a)(5).

1

Section 2D1.1(a)(5) was not affected by Part D's 2024 amendment. Defendant did not receive a sentence enhancement pursuant to Part D's amendments to Section 2D1.1(a)(1)-(4).

Defendant was already sentenced to the statutory mandatory minimum sentence.  The changes made by the amendment to Part D of Section 2D1.1 of the United States Sentencing Guidelines do not alter Defendant's sentencing guidelines.  There is no basis that would allow the Court to change Defendant's sentence below the statutory mandatory minimum.

Defendant's Motion to Correct Sentence Pursuant to Part D of Section 2D1.1 of the United States Sentencing Guidelines (ECF No. 82) is **DENIED**.

## PROCEDURAL HISTORY

### I.   Indictment, Guilty Plea, And Sentencing

On August 15, 2019, the grand jury returned an Indictment, charging Defendant with one count: Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).  (ECF No. 1).

On December 26, 2019, Defendant pled guilty to the sole count in the Indictment.  (ECF No. 18).

Defendant's guilty plea was made pursuant to a Memorandum of Plea Agreement.  (ECF No. 21).

On February 28, 2020, the Court accepted Defendant's plea of

guilty and adjudged her guilty.  (ECF No. 22).

On April 17, 2020, the Probation Officer filed the Presentence Investigation Report.  (ECF No. 27).

The Presentence Report calculated Defendant's base offense level at 30 based on the amount of "ice" for which Defendant was responsible pursuant to United States Sentencing Guideline 2D1.1(a)(5).  (Id. at ¶ 22).

Defendant received a two-level decrease for acceptance of responsibility and an additional one-level decrease for timely entering into a guilty plea.  (Id. at ¶¶ 29-30).

Defendant's total offense level was 27.  (Id. at ¶ 31).

In calculating Defendant's criminal history, the Probation Officer determined that Defendant was previously convicted of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine and Marijuana in the United States District Court for the District of Hawaii in Cr. No. 13-0021SOM-05.  (Id. at ¶ 36).

Defendant received 3 criminal history points for that conviction.  (Id.)

Defendant committed the instant offense when she was on supervised release for her conviction in Cr. No. 13-0021SOM-05.  (Id.)  Defendant received 2 additional "status points" as a result.  (Id. at ¶ 38).

Defendant's total criminal history score was 5 with a

3

criminal category of III.  (Id. at ¶ 39).

Defendant's sentencing guideline range was 120 months imprisonment because it was the statutory mandatory minimum sentence.  (Id. at ¶ 90).

On February 25, 2021, the Court sentenced Defendant to 120 months imprisonment and 5 years of supervised release.  (ECF No. 45).

## II. Defendant's Motion To Correct Sentence Pursuant to Part D of Section 2D1.1 of the United States Sentencing Guidelines

On December 9, 2024, Defendant filed a Motion to Correct Sentencing Pursuant to Part D of Section 2D1.1 of the United States Sentencing Guidelines.  (ECF No. 82).

Also on December 9, 2024, Defendant filed a Second Motion to Correct Sentence Based Pursuant to Amendment 821 of the United States Sentencing Guidelines.  (ECF No. 83).

On December 16, 2024, the Court referred the Motions to the Federal Public Defender's Office to see if it would represent the Defendant in seeking a reduction in sentence.  (ECF No. 84).

On December 17, 2024, the Federal Public Defender's Office declined to represent the Defendant.  (ECF No. 85).

Also on December 17, 2024, the Court issued a briefing schedule.  (ECF No. 86).

On January 29, 2025, the Government filed Oppositions to Defendant's Motions.  (ECF Nos. 87, 88).

On February 18, 2025, Defendant filed a Reply.  (ECF No. 89).

The Court addresses Defendant's Motion to Reduce Sentence Pursuant to Amendment 821 of the Sentencing Guidelines in a separate order.

The Court elects to decide Defendant's Motion to Correct Sentence without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Section 3582(c)(2) of Title 18 of the United States Code permits a court to reduce a term of imprisonment if the sentence was based on a sentencing range subsequently lowered by the United States Sentencing Commission.

The Sentencing Commission amended United States Sentencing Guidelines §§ 2D1.1(a)(1)-(4) pursuant to Part D of the guidelines to clarify the enhanced penalties for certain drug offenders as of November 1, 2024.  United States v. Gross, 2024 WL 5119969, *6 (D.S.D. Sept. 16, 2024).

## ANALYSIS

Defendant seeks to "correct" her sentence based on the November 1, 2024 Amendment to Part D of Section 2D1.1 of the United States Sentencing Guidelines.

5

Part D clarified the enhanced penalties applicable to certain drug traffickers as set forth in Section 2D1.1(a)(1)-(4).

The United States Sentencing Commission explained that the Part D amendment was issued to provide clarification on sentence enhancement for certain drug traffickers, as follows:

> Part D of the amendment clarifies that the alternative enhanced base offense levels at § 2D1.1 ... are based on the offense of conviction, not relevant conduct. Sections 841 and 960 of title 21, United States Code, contain crimes with mandatory minimum penalties for defendants whose instant offense resulted in death or serious bodily injury and crimes with mandatory minimum penalties for defendants with the combination of both an offense resulting in death or serious bodily injury and prior convictions for certain specified offenses. The Commission received public comment and testimony that it was unclear whether the Commission intended for §§ 2D1.1(a)(1)-(a)(4) to apply only when the defendant was convicted of one of these crimes or whenever a defendant meets the applicable requirements based on relevant conduct. The amendment resolves the issue by amending §§ 2D1.1(a)(1)-(4) to clarify that the base offense levels in those provisions apply only when the individual is convicted of an offense under sections 841(b) or 960(b) to which the applicable enhanced statutory mandatory minimum term of imprisonment applies, or when the parties have stipulated to: (i) such an offense for purposes of calculating the guideline range under § 1B1.2 (Applicable Guidelines); or (ii) such base offense level.

See Amendments to the Sentencing Guidelines, U.S. Sent. Comm'n, Nov. 1, 2024, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202405_Amendments.pdf.

Defendant is not eligible for a reduction in her term of imprisonment because her sentencing guidelines were not lowered

pursuant to Part D of Section 2D1.1 of the United States Sentencing Guidelines.

Defendant's base offense level was calculated pursuant to Section 2D1.1(a)(5), which was not altered by Part D's amendment. Gross, 2024 WL 5119969, at *6.

In addition, the Court is not permitted to alter Defendant's sentence to go below the mandatory minimum term of imprisonment provided by the statute.

In sum, the changes to the United States Sentencing Guidelines based on the Amendment to Part D in Section 2D1.1 do not lower Defendant's sentencing guideline or mandatory statutory minimum of 120 months imprisonment.  There is no basis to correct Defendant's sentence.

## CONCLUSION

Defendant's Motion to Correct Sentence Pursuant to Part D of Section 2D1.1 of the United States Sentencing Guidelines (ECF No. 82) is **DENIED**.

IT IS SO ORDERED.

DATED: March 12, 2025, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States v. Jerre Nishida, Cr. No. 19-00107 HG-1, **ORDER DENYING DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO PART D OF SECTION 2D1.1 OF THE UNITED STATES SENTENCING GUIDELINES (ECF No. 82)**

7